### W. M. WINN v. JNO. A. SLOAN & CO.

(No. 1711, Op. Book No. 2, p. 337.)

APPEAL from McLennan County. Opinion by QUINAN, J.

§ **1103.** *Citation; amendment of.* A citation may be amended by affixing the seal of the court. This is matter of form. [Cartwright v. Chobert, 3 Tex. 261.]

§ **1104.** *Attachment bond; condition for payment of cost; amendment of.* An attachment bond which is not conditioned for the payment of the costs is not in compliance with the law [R. S. 158], and such defect is not a matter of form, and cannot be amended, nor can a defective attachment bond be supplied by filing a sufficient bond at a day subsequent to the issuance of the writ.

§ **1105.** *Same; conditions of the bond.* The law prescribes the conditions of the bond to be given, and declares that attachments issued without such bond shall be abated. One of the conditions is that plaintiffs and their sureties shall pay such damages and costs as shall be adjudged against *them* for wrongfully suing out the attachment. The condition in the bond in this case is that John A. Sloan & Co. and their sureties " shall pay all such damages and costs as shall be adjudged against *him*," etc. The defendant was entitled to be secured against the damages he might recover against John A. Sloan & Co. The sureties here are sureties only for John A. Sloan, and this is not a substantial compliance with

621

the requirement of the law. [Drake on Attach. 132: Jones v. Anderson, 7 Leigh, 308.]

§ 1106. *Pleading; defective petition on a draft.* Appellees sued appellant on a draft accepted by him payable to one Keating or order. No assignment was shown from Keating to them of the draft, nor was it alleged in their petition that they were the owners or holders of the draft. *Held*, that the petition did not show a good cause of action in appellees, and that appellant's demurrer to the petition should have been sustained.

§ 1107. *Variance between allegata and probata.* The draft declared on was one for $418.45. It was not filed with and made a part of the petition. The draft read in evidence over the objection of the defendant was one for $400.45. *Held*, that there was a fatal variance between the draft declared upon in the petition and the one read in evidence.

May 14, 1881.                    Reversed and remanded.